OPINION
On June 19, 1997, the Stark County Grand Jury indicted appellant, Richard H. Johnson, on one count of felonious assault with a firearm specification in violation of R.C. 2903.11 and R.C.2941.45. Said charge arose from the shooting and wounding of one James McGee on June 11, 1997.
A jury trial commenced on September 3, 1997. The jury found appellant guilty as charged. By judgment entry filed September 11, 1997, the trial court sentenced appellant to a determinate term of five years plus a three year actual term for the firearm specification.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS DUE TO THE FACT THAT HIS CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims his conviction was against the manifest weight of the evidence. Specifically, appellant claims there was no identification of him as the perpetrator of the felonious assault. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was convicted of felonious assault with a firearm specification in violation of R.C. 2903.11 which states as follows:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
Appellant does not dispute that Mr. McGee was shot in the foot, but disputes the finding he was the person who shot him.
Mr. McGee testified appellant approached him outside of LaCasa Bar, asked him his name and accused him of having called him a "bitch" a couples of weeks prior. T. at 60-61. Mr. McGee denied the accusation and walked away. T. at 61. Mr. McGee turned and noticed appellant had a pistol "by his side." T. at 61. Appellant pointed the gun at Mr. McGee's chest, within two to three feet of him. T. at 62. Mr. McGee started walking backwards to the corner and the gun was fired. T. at 63. Mr. McGee ran down 5th Street believing the shot had missed him. T. at 64. After running two and a half blocks, Mr. McGee felt his foot burning. T. at 64. Mr. McGee looked down, saw blood and realized he had been shot. T. at 64-65. He then looked up and saw a "canary yellow" vehicle like the one appellant had been driving following him. T. at 65. Mr. McGee entered a building and sought help. T. at 66. An hour and forty-five minutes later, police stopped a "canary yellow" LeBaron convertible. T. at 120-121. Appellant was the driver of the vehicle. T. at 120. A photo line-up was assembled and shown to Mr. McGee at the hospital. T. at 122-123. Mr. McGee took a couple of minutes to identify appellant as the shooter. T. at 68. Mr. McGee positively identified appellant as the shooter in open court. T. at 60.
Nora Fout, a friend of appellant's who was with appellant on the night in question, testified appellant was driving a bright yellow LeBaron convertible. T. at 86. Ms. Fout confirmed appellant and Mr. McGee had a discussion outside of LaCasa Bar. T. at 87. The next thing she remembers is hearing gunshots and seeing Mr. McGee run away and appellant run toward the yellow vehicle. T. at 87-88. Ms. Fout testified she thought she saw a gun in the vehicle but was not sure. T. at 89. She admitted to seeing a black object. T. at 90.
Charles Hinkle, a witness to the aftermath of the shooting, was unable to identify appellant from a line-up (T. at 103, 106), but did note a "canary yellow" vehicle was somehow involved in the shooting. T. at 100, 104.
Upon review, we find sufficient credible evidence to support the finding appellant was the person who shot Mr. McGee. We find no manifest miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.